## THE STATE, EDWARD TATUM AND OTHERS, PROSECUTORS, v. JOSEPH McCHESNEY, COLLECTOR OF MILLVILLE.

1. The deduction for debts provided for in the twentieth section of the tax law of 1866 cannot be allowed to any individual assessed, whether a resident or not, without a statement in writing, &c., embracing all the particulars enumerated in the first proviso of that section.

2. There is no provision in the twentieth section, nor in any other part of the act of April 11th, 1866, by which a non-resident owner of real or personal estate situate in this state, may be allowed a deduction for debts due and owing by him to creditors residing within this state.

---

On *certiorari.* In matter of taxation.

### STATEMENT OF CASE AGREED ON BY COUNSEL.

" The firm of 'Whitall, Tatum & Co.' have their principal place of business in Philadelphia, where they have storehouses, &c., being partners in the manufacturing and sale of glassware, &c., and own large factories in the city of

Millville, Cumberland county, New Jersey. All the parties reside in the city of Philadelphia, and these control the general affairs and the operations of the firm, except one partner, who resides in Millville, and superintends the manufacturing operations, and another, now in the city of New York, where he superintends an agency for the sale of the glassware of the firm; that the business of the said firm, at the time of the making of the assessment mentioned in the said writ of *certiorari*, was transacted in the city of Philadelphia, except that the manufacture of its glassware was conducted in the said city of Millville, and except, also, its mere agency for the sale of its glassware in the city of New York; that the property of the said firm of Whitall, Tatum & Co., situate in the said city of Millville, and there liable to taxation, consists of real estate, glass factories, with their appurtenances, houses for superintendent, employés, &c., manufactured glass, materials for making glass, &c., debts due to the firm by solvent debtors, arising out of or connected with the business of the firm in New Jersey, &c.; the said property being assessed in the Third ward of the said city of Millville at the sum of about $115,177; that the tax assessed against the said firm of Whitall, Tatum & Co., upon the said valuation of their property, amounts to about the sum of $2,303.54; that at the time of said assessment, the said firm was justly indebted to workmen and others, for work done, merchandise, supplies, &c., furnished to said firm for the use of its manufacturing business, in the said city of Millville, to the amount of $42,651—all said indebtedness of the said firm to the said amount being to persons residing in the county of Cumberland, and state of New Jersey; that the said firm, being advised by counsel that they were entitled to have the amount of said indebtedness deducted from the valuation of the real and personal estate of said firm, by their said resident partner, at the time of the assessment, made and signed a true statement in writing, of the said debts owing by the said firm to their said creditors residing in the state of New Jersey, to whom owing, and

State, Tatum et al., pros., v. McChesney, Collector.

where resident; and also made and signed a statement of the total amount of all the real and personal estate of the said firm in the state of New Jersey, and delivered the same to the assessor, and requested him to deduct from said valuation the amount of said debts, and make his assessment against said firm only on the excess of said valuation over and above said debts; that the assessor refused to comply with said request, unless said statement should embrace all the personal property and assets of said firm out of the state of New Jersey, upon which taxes were not paid by said firm; that the commissioners of appeal, on appeal made, confirmed the decision of said assessor. It is hereby agreed (it being admitted that the application for said deduction was in all respects regular as to form,) that it be submitted, under the writ of *certiorari* in this case, to the Supreme Court, whether the said firm were entitled to such deduction on a statement of the total amount of all the property or assets in the state of New Jersey, or whether such statement must embrace all the personal property and assets of the said firm, wherever situate, upon which no taxes had been paid as aforesaid, as well out of the state of New Jersey as elsewhere."

Argued before BEDLE, WOODHULL, and SCUDDER, Justices.

For plaintiffs, *Carpenter* and *Browning*.

This *certiorari* brings up the consideration of the twentieth section of the tax law of 1866, in respect to the deduction claimed by the prosecutors to be made from the total amount of their net real and personal estate.

The domicile of this firm is in the city of Philadelphia, where the parties reside, where are its store-houses, its principal office, and where the general business of the firm is transacted. This firm has valuable glass factories, taxable in Millville, where a portion of its manufacturing operations are conducted, under the charge of a partner who resides there as the agent of the firm. See as to non-resident owners, *Nix. Dig.* 951, *pl.* 84, 88, 89.

A right to a deduction from the assessment is given to

every individual for the amount of any debt or debts *bona fide* due and owing from such individual to creditors residing within the state, in case such individual shall make and sign a true statement, under oath, of the several debts so owing, to whom owing, and where the creditors reside; and also a statement of the *total amount* of the real and personal property, including mortgages held and other debts due and owing to him. *Nix. Dig.* 955, *pl.* 102.

The word "individual" only is used in this section to indicate the person or persons by whom the tax is to be paid; but it doubtless includes not only corporations, but also manufacturing firms and others holding property in common.

As the firm is domiciled in Philadelphia, where its leading operations are conducted, it cannot be pretended that the estate and assets of this firm can be taxed in New Jersey, except their property having in some way a local character here—that is to say, property situate within this state. Their stock stowed in ware-houses in Philadelphia cannot be taxed in this state.

The meaning, then, of the words "a statement of the *total* amount of the real estate and of the personal property," which is to be given under oath by the person or firm claiming a deduction under the provision of the act cited, is to be ascertained and restrained by a reference to its object. The object is to ascertain the property of the person liable to taxation. Property situate in Pennsylvania cannot be taxed here, and it was not intended that, by this provision, it should be inquired of.

The spirit and meaning of a statute—what is its object—goes far in ascertaining its construction.

Even in the case of an individual who resides here, notwithstanding the broad words of the act, we do not suppose he could be required, under any fair construction of the act, to furnish a statement of his real estate situate in another state, and not taxable here.

The object of the act is to tax equitably, and not twice,

and we submit that it was not intended to tax, in the hands of the creditors and of the firm, the same assets. No better plan could well be contrived to drive away foreign capital from this state than the mode of taxation attempted in this case.

For defendant, *J. T. Nixon.*

WOODHULL, J. The prosecutors having been assessed as a firm for their partnership property in the Third ward of the city of Millville—a mode of assessing such property which is understood to be not unusual, at least in the southern counties of the state, and to which no objection has been made in this case—claim the deduction authorized by the twentieth section of the tax law of 1866, without stating the total amount of real estate and personal property of the firm, including mortgages held and other debts due and owing to the firm from solvent debtors, on the ground that, being a non-resident firm, that part of the act has no just application to their case.

Whether their claim is well founded or not depends upon the true construction of the twentieth section of the act of 1866, just referred to. *Nix. Dig.* 955–6.*

That section prescribes, in very clear and imperative terms, the conditions on which assessors and commissioners of appeal may deduct from the valuation of the real and personal property of any individual the debts owing by him to creditors residing in this state. The language is as follows: "After making the valuation of the real and personal estate for which any individual shall be assessed, it shall be lawful for the assessor, or the commissioners of appeal in cases of taxation, to deduct from such valuation any debt or debts *bona fide* due and owing from such individual to creditors residing within this state; provided, that no deduction shall be made from the full and fair value of the real or personal estate of any individual, unless such individual shall make and sign a true statement in writing, under oath or affirma-

---

* *Rev., p.* 1150.

tion, that the same is just and true of the several debts owing by such individual, which he desires to have deducted, to whom owing, and where the creditor resides, and also a statement of the total amount of real estate and of personal property of such individual, including mortgages held and other debts due and owing to such individual from solvent debtors, and shall deliver the same to the said assessor on or before the time limited by law for closing the assessment," &c.; "and in case any assessor or commissioner of appeal shall make any such deduction without having first delivered to him as aforesaid such statement, &c., the said assessor, &c., shall be deemed guilty of a misdemeanor, and liable to a fine not exceeding $200," &c.    The counsel for the prosecutors arguing from the course of legislation upon the subject of deductions for debts—from the theory and policy of the act of 1866, and from the character of the statement required in the twentieth section—contended that the intention of the legislature was that the deduction provided for in that section should be allowed to all individuals assessed, whether residents or not; that to require from non-residents a statement of their property, real and personal, not liable to taxation in this state, would be useless, vexatious, and unreasonable, and could not have been intended by the legislature, and their conclusion was, that the legislature intended that non-resident tax-payers should be allowed the deduction provided for in the twentieth section, without stating the particulars enumerated in the second branch of the proviso. Admitting for the present that the counsel for the prosecutors have succeeded in establishing their first proposition, namely, that it was the intention of the legislature to give the privilege of deducting for debts to non-residents as well as residents, I am compelled to think that their construction cannot be maintained without doing great and manifest violence to the language of the act.    By what rule or principle of interpretation could we be justified in holding that the legislature intended that there might in some cases be a deduction, without the statement specially provided for in

the twentieth section, when they have, in the same section, in language too plain to admit of two constructions, declared that *no deduction shall be* made, unless the individual desiring it shall make the very statement therein prescribed ? The language of this part of the act being entirely free from obscurity, and applying equally to all classes of individuals assessed, the conclusion seems to me to be unavoidable, that if the legislature had intended that non-residents should in any case be allowed the deduction provided for in the twentieth section, the legislature must also have intended that they should in no case be allowed that deduction without complying with the prescribed conditions.

In this view of the case it can make no difference whether the prosecutors are held to be residents or non-residents. Having failed to make the statement called for by the act, they have failed to show themselves entitled to the deduction which they claim. But in another aspect of the case, the prosecutors—admitting them to be non-residents—are met by an objection which seems to me to be fatal, not only to their present claim, but to their right to a deduction in any case—and that is, that the provisions of the twentieth section of the act of 1866, were intended by the legislature, to apply to inhabitants or residents of the state, and to no others. The second section provides that all real and personal property within this state shall be liable to taxation at its full and actual value. In a clause of the seventh section is found the only reference in the whole act to non-residents : " And in case the owner or owners of personal estate shall be non-resident of this state, then, and in that case, the said personal estate shall be taxed in the township or ward where the same may be situate." The twentieth section and no other part of the act, makes provision for a deduction from the assessed valuation of the real and personal estate. The terms on which this deduction may be allowed are specifically set forth in the same section, and to make the deduction without a compliance with such specified terms is not only positively prohibited, but made penal and indictable. These terms are

such as the legislature cannot reasonably be supposed to have required from non-resident tax-payers. As applied to them such terms would be, as the counsel for the prosecutors so earnestly insisted, not only useless, but inconvenient, vexatious, and unreasonable. Now what is the true inference from all this? Not, surely, that the legislature intended to allow the deduction to non-residents on some other terms than those specified in the act, but that the provisions of the twentieth section were not designed by the legislature to be applied to non-residents at all—either as to the privilege of deducting for debts, or the terms upon which such deduction may be allowed. If that part of the section which prescribes the conditions does not apply to them, neither does that part which allows the privilege. The conclusion is, that there is no provision in the twentieth section, nor in any other part of the act, by which a non-resident owner of real or personal estate, situate in this state, may be allowed a deduction for debts due and owing by him to creditors residing within this state.

I cannot see that the construction contended for on the part of the prosecutors finds any support in the course of legislation upon the subject of deducting for debts. This policy of allowing such a deduction was first introduced into this state by the act of March 14th, 1851, and has been retained in some form in every general tax law passed since that time. In some of these acts the language is broad enough to include non-residents, and the provisions such as might, without absurdity, apply to them. In others, the language and the provisions are wholly irreconcilable with the idea that they were designed for any but inhabitants of the state. In none of these acts is the right to deduct for debts extended in terms to non-residents. In one of them—the act of March 5th, 1853— they are expressly excluded from such right. Acts 1853, p. 329, § 7.

On the whole, considering the character and object of the several acts just referred to, it may well be doubted whether

the provisions of any one of them allowing a deduction for debts, can properly be held to apply to non-residents.

For the reasons above stated, I think that the assessment should be affirmed.

BEDLE and SCUDDER, Justices, concurred.

AFFIRMED, 6 *Vr.* 548.